UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN AMR,

        Petitioner,

v.                                                 Criminal No.   00-80525
                                                   Civil No.       05-74489

UNITED STATES OF AMERICA,             Honorable Julian Abele Cook, Jr.

        Respondent.

## ORDER

On November 28, 2005, the Petitioner, Hussein Amr ("Amr"), filed a motion to vacate his sentence and judgment pursuant to 28 U.S.C. § 2255, citing the alleged ineffective assistance of his counsel as the basis for this request. Prior to the filing of this motion, Amr had been placed in the custody of the Bureau of Prisons by the Court to a period of sixty-three (63) months following his conviction of (1) three counts of health care fraud, in violation of 18 U.S.C. § 1347(1), (2) three counts of illegal kickbacks, in violation of 42 U.S.C. § 1320a-7(b)(2)(B), (3) three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I), (4) four counts of engaging in illegal transactions, in violation of 18 U.S.C. § 1957, and (5) nine counts of mail fraud, in violation of 18 U.S.C. § 1341. He also suffered the loss of his property interests as the result of a regularly conducted forfeiture proceedings. An appeal to the Court of Appeals for the Sixth Circuit ("Sixth Circuit") followed. On May 25, 2005, the Sixth Circuit rejected Amr's appeal and, in so doing, affirmed his conviction on all counts.

I.

The federal statute, which has been cited by Amr as the basis for the relief that he seeks to obtain from the Court (to wit, 28 U.S.C.§ 2555), provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, in order to prevail in a §2255 motion, a petitioner, such as Amr, "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

An examination of this record reveals that Amr has neither alleged nor proffered any of the requisite standards in his motion, as required by the *Weinberger* court. Rather, he has focused his § 2255 motion on an "ineffective assistance of counsel" argument. The Court will now explore and assess the grounds, upon which Amr relies to support his claim.

## II.

Initially, Amr submits that his appointed counsel failed to inform him of a guilty plea agreement proposal that had been offered by the Government. Specifically, he contends that the Government tendered a proposed plea agreement to his counsel which provided for a maximum sentence of one year and a day in exchange for guilty pleas to the then pending criminal charges. However, Amr asserts that his defense counsel has repeatedly denied ever having received any such plea offers from the Government. The Government counters by insisting that a plea offer was never made to Amr or his counsel.

## III.

Amr maintains that his appointed counsel (1) failed to interview a known key witness, (2) declined to read any of the available grand jury transcripts or witness statements, and (3) was not prepared for trial, as reflected by his failure to make prior disclosure of defense exhibits which, in turn, rendered them inadmissible for the trial. In order to prevail on a motion under this federal statute, "[T]he defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. [In addition,] the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *United States v. Ross,* 339 F.2d 483, 491-92 (6th Cir. 2003). In order to establish the requisite degree of prejudice, a petitioner must demonstrate a reasonable probability that, but for the attorney's errors, the outcome would have likely produced a different result. *Id.* at 492.

The Government does not agree that Amr's defense attorney was unprepared at trial. In fact, the only support in favor of this argument is Amr's own statement which summarily concludes that "the result would have been different [had my trial attorney been prepared]." Moreover, he has failed to specify how an alternative outcome would have resulted in a complete exoneration of the charges against him, especially given the overwhelming and primarily unrebutted evidence that was produced during the trial which established his guilt.

IV.

Amr's final two assertions in support of the "ineffective assistance of counsel" argument relate to his alleged loss of property. On this issue, Amr proffers that his attorney's (1) actions resulted in a loss of more property in the forfeiture action than was otherwise necessary, and (2) post-conviction advice pertaining to credit card use caused the revocation of his bond which

caused him to lose other unspecified property.[1]

Once again, Amr has not proffered any evidence that would arguably demonstrate how his attorney's actions or inactions would have caused him to lose property that would not have been lost but for the alleged identified misconduct. According to the Government, there is approximately $92,000 remaining to be paid by Amr before the forfeiture judgment is satisfied.

Amr's final argument, which speaks in support of his immediate release from custody, must necessarily fail. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). The federal statute (to wit, 28 U.S.C. § 2255) establishes an avenue with which those persons, who claim a right to be released from custody, can challenge their sentences. In arguing these final two points, Amr is essentially speaking to a loss of property interests, and not directly seeking to obtain a release from custody because of the ineffectiveness of his counsel. However, inasmuch as Amr has failed to claim a right to be released from custody, his assertion regarding the alleged loss of property based upon post-conviction advice of his appointed counsel is without merit.

V.

Accordingly, it is the determination of this Court that there has not been any demonstration by Amr that he suffered any constitutional violations as a result of his attorney's actions or inactions. Since he has not identified an error of a constitutional magnitude, sustained a fundamental error of fact or law which rendered his sentencing invalid, or suffered from the imposition of his sentence in excess of the statutory limits, Amr's motion pursuant to 28 U.S.C. § 2255 must be, and is, denied.

---

[1] The Government does not concede any degree of ineffectiveness on the part of Amr's defense counsel.

IT IS SO ORDERED.


Dated: March 29, 2006                                    s/ Julian Abele Cook, Jr.
       Detroit, Michigan                                 JULIAN ABELE COOK, JR.
                                                         United States District Court Judge


Certificate of Service

I hereby certify that on March 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                         s/ Kay Alford
                                                         Courtroom Deputy Clerk